73 F.3d 365
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene B. SHERRY, Defendant-Appellant.
 No. 95-1845.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 29, 1995.
Decided Dec. 19, 1995.
 
 Before POSNER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On January 10, 1995, following a two-day trial, a jury convicted the appellant, Eugene B. Sherry, of one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). The court later sentenced Sherry to forty-six months imprisonment and a three-year period of supervised release. This appeal followed.
 
 
 2
 The appellant first argues that 18 U.S.C. Sec. 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. Additionally, the appellant maintains that the disclosure of grand jury testimony at his trial provides grounds for reversal because the Government failed to petition the court for the disclosure of such testimony pursuant to Federal Rule of Criminal Procedure 6(e).
 
 
 3
 Less than two weeks prior to the date set for oral argument in this case, we upheld 18 U.S.C. Sec. 922(g)(1) against a Commerce Clause challenge identical to the one asserted by Sherry. United States v. Bell, No. 95-1266, slip. op. (7th Cir. November 17, 1995). In Bell, we distinguished Sec. 922(g) from Sec. 922(q), the Gun Free School Zones Act, which the United States Supreme Court recently invalidated on Commerce Clause grounds. United States v. Lopez, --- U.S. ----, 115 S.Ct. 1624 (1995). We concluded that Sec. 922(g) was "immune from constitutional attack" under Lopez because, unlike Sec. 922(q), it "contain[s] 'a jurisdictional element which ... ensure[s], through case-by-case inquiry, that the firearm possession in question affects interstate commerce.' " Bell, slip op. at 6 (quoting Lopez, 115 S.Ct. at 1631). The appellant has not offered a compelling reason for overturning the clear and very recent precedent in Bell. We therefore decline to do so.
 
 
 4
 With respect to the appellant's second argument (regarding the disclosure of grand jury testimony), Sherry has failed to cite any authority--either in the text of Fed.R.Crim.P. 6(e) or in our case law--suggesting that the district judge acted improperly or that the disclosure of the grand jury testimony worked to his prejudice, much less that a new trial is the appropriate remedy for the Government's failure to request disclosure in the proper fashion. Rule 6(e) codifies the general rule of grand jury secrecy, but explicitly provides that grand jury material may be disclosed "when so directed by a court preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(C)(i) (emphasis added). One authority describes as "standard practice" the Government's use of grand jury testimony to impeach a witness at trial. 1 Charles Alan Wright, Federal Practice & Procedure: Criminal Sec. 107, p. 254 (2d ed. 1982). Under our case law, moreover, the disclosure of grand jury material is "left to the sound discretion of the district court and will not be reversed in the absence of an abuse of discretion." In re Grand Jury Proceedings, Miller Brewing Co., 687 F.2d 1079, 1088 (7th Cir.1982).
 
 
 5
 For these reasons, as we stated in our ruling from the bench, the conviction and sentence of Eugene B. Sherry are affirmed.